1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10   DOUGLAS LUTHER MYSER,                    CASE NO. C14-0608JLR

11                    Plaintiff,              ORDER GRANTING MOTION
                                              FOR JUDGMENT ON THE
12           v.                               PLEADINGS

13   STEVEN TANGEN, et al.,

14                    Defendants.

## I.   INTRODUCTION

16       Before the court is Defendant Spokane County's ("Spokane") motion for judgment

17   on the pleadings (Mot. (Dkt. # 9)), and Plaintiff Douglas Luther Myser's opposition

18   thereto (Resp. (Dkt. # 11)).  The court has reviewed the parties' submissions, the record,

19   and the relevant law.  Considering itself fully advised, the court GRANTS the motion and

20   DISMISSES the complaint without prejudice but with leave to file an amended complaint

21   within 15 days.

22

ORDER- 1

## II.   FACTS[1]

On January 26, 2003, Mr. Myser went to a sports bar in Spokane Valley, Washington.  (Compl. (Dkt. # 1) ¶ 25.)  After he requested his bill, someone at the sports bar called the police, who came to the bar.  (*Id.* ¶¶ 26-28.)  At some point, police deputies brought Mr. Myser to the floor, struck him, handcuffed him, and placed him in a police car.  (*Id.* ¶¶ 33-40.)  En route to the jail, Mr. Myser told a police deputy he planned to bring a lawsuit for violation of his civil rights.  (*Id.* ¶¶ 41-44.)  According to Mr. Myser, the police deputy took Mr. Myser to a dark area and struck him until he lost consciousness; Mr. Myser regained consciousness in jail.  (*Id.* ¶¶ 45-52.)  Later medical evaluations found that Mr. Myser had been seriously injured.  (*Id.* ¶¶ 54-56.)

Mr. Myser brought a lawsuit against Spokane arguing that the use of force by the police violated his constitutional rights.  (*Id.* ¶¶ 63-64.)  Mr. Myser's lawsuit came before Senior United States District Judge Fred Van Sickle in the United States District Court for the Eastern District of Washington, and was not successful.  (*See id.* ¶ 63(s).)  Mr. Myser appealed to the Ninth Circuit, but the decision was affirmed in a divided opinion. (*See id.* ¶¶ 64(v), 69(s).)

In his case before this court, Mr. Myser argues that certain aspects of the trial testimony and alleged misrepresentations of medical evidence "constituted fraud on the

---

[1] The following facts are from Mr. Myser's complaint.  On a motion for judgment on the pleadings, the court takes the facts in the complaint as true.  *See Rose v. Chase Bank USA, N.A.*, 513 F.3d 1032, 1034 (9th Cir. 2008) (citing *Torbet v. United Airlines, Inc.*, 298 F.3d 1087, 1089 (9th Cir. 2002)).  "Mere conclusory statements," however, "are not entitled to the presumption of truth."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1  court." (*See id.* ¶ 64(a)-(u); *see also id.* at 33.)  In addition, he alleges that the police

2  officers who arrested him in 2003 later committed serious misconduct.  (*See id.* ¶¶ 64-

3  66.)  Furthermore, Mr. Myser points out inconsistent testimony by the manager of the bar

4  where he was arrested—testimony upon which Judge Van Sickle relied in reaching a

5  decision.  (*See id.* ¶ 69.)  Mr. Myser alleges bribery occurred because the manager of the

6  bar later worked for the government.  (*See id.* ¶ 69(i).)

7       Separately, Mr. Myser and former employees of his business were engaged in

8  litigation in state court in Spokane County.  (*Id.* ¶ 57.)  Mr. Myser's former employees

9  brought a suit alleging that he had not properly compensated them in 2003 and 2004,

10  while Mr. Myser counterclaimed that the employees had stolen from the business.  (*Id.*

11  ¶ 61(a)-(g).)  Mr. Myser alleges, among other contentions, that there was misconduct

12  during this prior litigation related to the timing of depositions and the forthrightness of

13  opposing parties during discovery.  (*See id.* ¶¶ 58-60.)  Mr. Myser also alleges (1) that

14  Spokane, along with other litigants in Mr. Myser's cases "worked together to hide

15  evidence," (2) that Spokane "corrupted" one of the litigants against Mr. Myser, (3) and

16  that one of the parties gave "false reasons" for a loss of Mr. Myser's business, amounting,

17  in total, to fraud on the court.  (*See id.* ¶ 61(h)-(t).)

18       Mr. Myser's present complaint implicates his former employees, Spokane, its

19  agents, police officers, and other witnesses in a broad attempt to undermine his previous

20  lawsuit against Spokane by fraudulent means.  (*See generally* Compl.)  Mr. Myser alleges

21  coordinated action between Spokane and the litigants in the separate state action to

22  undermine his likelihood of success in that state action.  (*See id.* 68(d); *see generally*

ORDER- 3

1   Compl.)  Finally, he argues that "Judge Van Sickle knew, or should have known, that Mr.

2   Myser proved that the defendants inflicted excessive and deadly force against him, in

3   violation of the Fourth Amendment."  (*Id.* ¶ 69(n).)  Further, Mr. Myser alleges that

4   "Judge Van Sickle did not want to order Spokane County to pay damages to Mr. Myser."

5   (*Id.* ¶ 69(u).)  Mr. Myser's only cause of action is fraud on the court.  (*Id.* at 33.)

6                         **III.     ANALYSIS**

7   **A.     Judgment on the Pleadings**

8         Judgment on the pleadings "'is properly granted when, taking all the allegations in

9   the pleadings as true, a party is entitled to judgment as a matter of law.'"  *Lyon v. Chase*

10   *Bank USA, N.A.*, 656 F.3d 877, 883 (9th Cir. 2011) (citation omitted).  In the context of

11   dismissal for failure to state a claim, the same standard governs a Rule 12(c) as a Rule

12   12(b)(6) motion.  *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.

13   1989).  Dismissal for failure to state a claim "is proper if there is a lack of a cognizable

14   legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

15   *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation omitted).

16   In ruling on a motion to dismiss, a court may consider the pleadings, documents attached

17   to the pleadings, and documents incorporated by reference in the pleadings.  *United*

18   *States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d

19   977, 980 (9th Cir. 2002)).

20         When considering a motion to dismiss under Federal Rule of Civil Procedure

21   12(b)(6), the court construes the complaint in the light most favorable to the non-moving

22   party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

1 │ 2005).  "To survive a motion to dismiss, a complaint must contain sufficient factual

2 │ matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft*

3 │ *v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

4 │ 570 (2007)); *see Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A

5 │ claim has facial plausibility when the plaintiff pleads factual content that allows the court

6 │ to draw the reasonable inference that the defendant is liable for the misconduct alleged."

7 │ *Iqbal*, 556 U.S. at 677-78.

8 │ **B.     Fraud on the Court**

9 │          The claim of fraud on the court is "'available only to prevent a grave miscarriage

10 │ of justice.'"  *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir.

11 │ 2003) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  "An independent

12 │ action to set aside a judgment for fraud on the court is 'reserved for those cases of

13 │ injustices which, in certain instances, are deemed sufficiently gross to demand a

14 │ departure from rigid adherence to the doctrine of res judicata.'"  *Id.* (quoting *Beggerly*,

15 │ 524 U.S. at 46 (internal quotation marks omitted)).  A failure of a party to search its

16 │ records and make full disclosures is not fraud on the court.  *Id.* (citing *Beggerly*, 524 U.S.

17 │ at 47).  Nor does "[n]on-disclosure, or perjury by a party or witness[,] . . . by itself,

18 │ amount to fraud on the court."  *Id.* (quoting *Levander v. Prober (In re Levander)*, 180

19 │ F.3d 1114, 1119 (9th Cir. 1999)).  Rather, fraud on the court entails "misconduct that

20 │ 'harms the integrity of the judicial process.'"  *Id.* (quoting *Levander*, 180 F.3d at 1119).

21 │ Fraud on the court "embraces only that species of fraud which does[,] or attempts to,

22 │ defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial

1  machinery cannot perform in the usual manner its impartial task of adjudging cases that

2  are presented for adjudication." *Id.* (quoting *Levander*, 180 F.3d at 1119).

3  **C.     Mr. Myser's Claims**

4        Of Mr. Myser's many allegations, only a few possibly rise to the level of fraud on

5  the court.  There are three broad categories of allegations Mr. Myser makes and only the

6  first category alleges misconduct that might be fraud on the court.  Among this first

7  category of allegations, Mr. Myser alleges a broad "*quid pro quo*" conspiracy among

8  "Spokane County and Richard Jones, Ed Karr, Steve Tangen, Frank Moulton and

9  others . . . to commit fraud [on the court.]"  (Compl. ¶ 76(d) (emphasis in original); *see*

10 *generally* Compl.)  Mr. Myser also alleges that witnesses Ed Karr and Jessica Dingwall

11 were bribed.  (*See id.* ¶¶ 60(m), 69(i).)  At a few points in the complaint, Mr. Myser also

12 implies that Judge Van Sickle was improperly partial. [2]  (*See id.* ¶¶ 69(o), 69(u).)  If true,

13 these allegations might amount to fraud on the court because they indicate attempts to

14 undermine the fair and impartial functioning of judicial institutions.  If plausibly plead,

15 these allegations might be enough to sustain Mr. Myser's complaint against a motion for

16 judgment on the pleadings.

17

18

19       [2] Mr. Myser is unclear on this point.  At some points, the complaint seems to allege that
what Mr. Myser considers an erroneous ruling by Judge Van Sickle was due to the fraud on the
court perpetrated by others.  (*See, e.g.*, Compl. ¶¶ 65(n) ("The fraud on the Court caused Judge

20  Van Sickle . . . ."); 66(m) ("Spokane County, through Judge Van Sickle, prevented Bunch from
testifying."); 69(ll) ("Spokane County wrongfully caused Judge Van Sickle to disregard the
medical evidence and apply the wrong standard of liability at the trial.").)  At another point, Mr.

21  Myser seems to allege impropriety on the part of Judge Van Sickle.  (*See id.* ¶ 69(o) ("As a
proximate result of the wrongful actions of Spokane County, Judge Van Sickle wanted to rule in

22  favor of Spokane County, despite the evidence and the law.").

1   These allegations, however, are conclusory and are not plausible.  Mr. Myser uses

2   the labels of bribery, fraud, conspiracy, and possibly of judicial impropriety in his

3   complaint.  These labels, however, are legal conclusions which are not taken as true for

4   the purpose of deciding this motion.  *See Iqbal*, 556 U.S. at 678.  Mr. Myser does not

5   assert facts in the pleadings that make his allegations plausible.  (*See generally* Compl.)

6   To the contrary, the details that Mr. Myser includes seem to undermine his allegations.

7   For example, he pleads that the Ninth Circuit affirmed Judge Van Sickle decision, despite

8   his repeated assertions of legal error.  (*See generally id.*)  His explanation of the bribery

9   allegation related to Ms. Dingwall's testimony was that she was "bribed with a

10  government job three weeks prior to trial."  (*See id.* ¶ 69(i).)  Mr. Myser's only basis for

11  the claim of bribery in his complaint is the fact of Ms. Dingwell's employment at a child

12  welfare agency.  (*See id.*)  His reliance on that fact alone leaves his allegation too

13  speculative for the court to rule that it is plausible.  "A pleading that offers 'labels and

14  conclusions' . . . 'will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombley*, 550 U.S. at

15  555).

16   Even reasonable inferences in Mr. Myser's favor do not make these claims

17  plausible.  Beyond the conclusory labels in the complaint, Mr. Myser pleads little else

18  that the court can look to in order to find plausibility in his allegations.  As a result, Mr.

19  Myser leaves the court little room to make reasonable inferences in his favor.  For

20  example, when Mr. Myser discusses an opposing "legal fund" (*see* Compl. ¶¶ 60(q),

21  61(m), 78(e)), he provides very few details about the context and actions of the legal

22  fund.  Further, he does not explain why such a legal fund was in any way improper.  Mr.

1   Myser, however, must plead facts showing fraud so significant "that the judicial

2   machinery cannot perform in the usual manner its impartial task of adjudging cases that

3   are presented for adjudication." *See Appling*, 340 F.3d at 780 (quoting *In re Levander*,

4   180 F.3d at 1119).  He has not done this.  He has failed to plausibly plead a case of fraud

5   on the court and, therefore, judgment on the pleadings is appropriate.

6        Mr. Myser makes a second set of allegations about alleged improper activities that

7   took place in judicial forums.  The second set includes allegations of a frivolous lawsuit,

8   a false declaration, a manufactured claim, the non-disclosure of evidence, depositional

9   troubles, and a less-than-forthcoming discovery process.  (*See* Compl. ¶¶ 58, 58(b),

10  59(b), 60(d)-(m).)  As with his other pleadings, Mr. Myser provides only conclusory

11  allegations and does not provide details to allow the court to find that these are plausible

12  allegations, even when the court is instructed to make reasonable inferences in his favor.

13  These claims are conclusory and are not plausible.

14       In any event, these allegations are of no matter.  These allegations do not rise to

15  the level of fraud on the court, even if they are true.  "To establish fraud on the court, a

16  party must [plead] . . . the existence of an 'unconscionable plan or scheme . . . designed to

17  improperly influence the court in its decision.'" *See Stan Lee Media, Inc. v. Conan Sales*

18  *Co. LLC*, 546 F. App'x. 725, 728 (9th Cir. 2013) (quoting *England v. Doyle*, 281 F.2d

19  304, 309 (9th Cir. 1960)).  None of Mr. Myser's second set of allegations shows an

20  unconscionable plan or scheme by Defendants to defraud the court.  At most, he alleges

21  discovery abuses that he could have raised with the court during the course of prior

22

ORDER- 8

1   litigation.  These abuses do not rise of the level of fraud on the court.  *See Appling*, 340

2   F.3d at 780.

3         Finally, Mr. Myser makes a third set of allegations about activities that did not

4   take place in a judicial setting or are unrelated to his prior litigation.  He alleges that the

5   police struck him in a bar and while transporting him from the bar.  (*See* Compl. ¶¶ 22-

6   55.)  He also alleges that some of his former employees stole from his business.  (*See id.*

7   ¶¶ 60(b)-(c), 78(d).)  Finally, he includes details alleging wrongdoing, in actions

8   unrelated to this case, by the police officers who struck him in 2003.  (*See, e.g.*, *id.*

9   ¶¶ 64(k), 65(c)-(d).)

10        This third set of allegations is irrelevant for the purposes of making a claim of

11  fraud on the court in this case.  The conduct complained of occurred in a non-judicial

12  setting or occurred in a judicial setting where Mr. Myser is not alleging fraud on the

13  court, such as unrelated criminal proceedings against police officers.  (*See, e.g.*, *id.*

14  ¶¶ 64(k), 65(c)-(d).)  The circumstances of Mr. Myser's interactions with police provide

15  background, but, taken as true, they do not make out the elements of fraud on the court.

16  Thus, these allegations also fail to make out a well-pled claim of fraud on the court.[3]

17        Mr. Myser's complaint fails to include a well-pleaded claim of fraud on the court.

18  His complaint is replete with conclusory allegations, which are not taken as true for the

19

20        [3] Mr. Myser pleads that he was subject to the use of force by Spokane police on January
    26, 2003.  (Compl. ¶¶ 22-55.)  An alleged excessive use of force by police affords Mr. Myser a
21  colorable claim under the law.  Those claims, however, have already been adjudicated.  *(See,
    e.g., id.* ¶ 57(b), 61(a).)  In any event, the use of force by the police does not amount to fraud on
    the court.  The use of force occurred before adjudication of Mr. Myser's civil rights claims.  *(Cf.*
22  *id.* ¶¶ 22-60 (use of force occurring before litigation where Mr. Myser alleges fraud on the court)

ORDER- 9

1   purposes of this motion.  He provides so little factual detail that even reasonable

2   inferences his favor do not make his allegations of fraud on the court plausible.  Those

3   factual details he does provide appear to undermine his claim instead.  Thus, Mr. Myser's

4   claim for fraud on the court does not meet the aforementioned plausibility standard that it

5   must in order to survive a motion for judgment on the pleadings.  *See Iqbal*, 556 U.S. at

6   678.

7   **D.      Timeliness of Judgment on the Pleadings**

8   Mr. Myser alleges that judgment on the pleadings is not appropriate because

9   Spokane has not filed an answer.  (Resp. at 1-4.)  He cites *Doe v. United States* for this

10   proposition.  *Cf. Doe v. United States*, 419 F.3d 1058, 1061 (9th Cir. 2005) ("Thus, the

11   pleadings are closed for the purposes of Rule 12(c) once a complaint and answer have

12   been filed.").  The court notes, however, that *Doe* involved a plaintiff who sought

13   judgment on the pleadings when the defendant had not yet filed an answer.  *See id.*

14   (discussing the defendant's chance to file an answer.)  The situation in this case is the

15   reverse:  a defendant has moved for judgment on the pleadings against the plaintiff.

16   Myser has had the chance to provide satisfactory pleadings, and he has leave to attempt a

17   satisfactory correction of them.

18   The court has treated the motion for judgment on the pleadings as the functional

19   equivalent of a 12(b)(6) motion to dismiss.  "In this case, [Spokane's] Rule 12(c) motion

20   was equivalent to a Rule 12(b)(6) motion to dismiss for failure to state a claim upon

21   which relief could be granted."  *See Dworkin*, 867 F.2d at 1192.  Although the motions

22   are distinct as to "time of filing," the two motions are treated similarly.  *See id.* ("[T]he

1 | same standard of review applicable to a Rule 12(b) motion applies to its Rule 12(c)

2 | analog."). Pre-answer dismissal for failure to state a claim is the functional equivalent to

3 | post-answer dismissal under judgment on the pleadings. *See Lyon*, 656 F.3d at 883

4 | (citing *Dworkin*, 867 F.2d at 1192).

5 | **E.      Leave to Amend**

6 | "[A] district court should grant the plaintiff leave to amend if the complaint can

7 | possibly be cured by additional factual allegations." *Somers v. Apple, Inc.*, 729 F.3d 953,

8 | 960 (9th Cir. 2013) (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

9 | However, "'[d]ismissal without leave to amend is proper if it is clear that the complaint

10 | could not be saved by amendment.'" *Id.* (quoting *Kendall v. Visa U.S.A., Inc.*, 518 F.3d

11 | 1042, 1051 (9th Cir. 2008)). Because Mr. Myser's complaint could possibly be cured

12 | through the inclusion of additional factual details related to his claim, the court grants

13 | him leave to amend within 15 days.

14 | **IV.      CONCLUSION**

15 | For the foregoing reasons, the court GRANTS Spokane's motion for judgment on

16 | the pleadings and DISMISSES Mr. Myser's complaint without prejudice but with leave

17 | to amend within 15 days.

18 | Dated this 9th day of September, 2014.

19 |

20 |

21 |

                                   JAMES L. ROBART
                                   United States District Judge

22 |

ORDER- 11