1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DOUGLAS LUTHER MYSER,

            Plaintiff,

            v.

STEVEN TANGEN, et al.,

            Defendants.

CASE NO. C14-0608JLR

ORDER GRANTING MOTION
TO DISMISS

## I.    INTRODUCTION

Before the court are Defendant Spokane County's ("Spokane") motion to dismiss
under Federal Rule of Civil Procedure 12(b)(6) (Mot. (Dkt. # 19)), Plaintiff Douglas
Luther Myser's opposition thereto (Resp. (Dkt. # 25)), and Spokane's reply memorandum
(Reply (Dkt. # 27)).  No party has requested oral argument.  The court has considered the
parties' submissions, the record, and the relevant law.  Being fully advised, the court
GRANTS Spokane's motion, DISMISSES Mr. Myser's claims against Spokane WITH

1  PREJUDICE, and gives NOTICE to Mr. Myser of the court's intent to dismiss his claims

2  against Defendant Steven Tangen with prejudice.

3  ## II.   BACKGROUND[1]

4        On January 26, 2003, Mr. Myser went to a sports bar in Spokane Valley,

5  Washington.  (Am. Compl. (Dkt. # 18) ¶ 26.)  After he requested his bill, someone at the

6  sports bar called the police, who came to the bar.  (*Id.* ¶¶ 27-29.)  At some point, police

7  deputies brought Mr. Myser to the floor, struck him, handcuffed him, and placed him in a

8  police car.  (*Id.* ¶¶ 33-38, 42.)  En route to the jail, Mr. Myser told a police deputy he

9  planned to bring a lawsuit for violation of his civil rights.  (*Id.* ¶¶ 43-46.)  According to

10  Mr. Myser, the police deputy took Mr. Myser to a dark area and struck him until he lost

11  consciousness; Mr. Myser regained consciousness in jail.  (*Id.* ¶¶ 47-53.)  Later medical

12  evaluations found that Mr. Myser had been seriously injured.  (*Id.* ¶¶ 56-58.)

13        Mr. Myser brought a lawsuit against Spokane arguing that the use of force by the

14  police violated his constitutional rights.  (*See id.* ¶¶ 60-61, 79-83, Exs. A, B, D.)  Mr.

15  Myser's lawsuit came before Senior United States District Judge Fred Van Sickle in the

16  United States District Court for the Eastern District of Washington and was not

17  successful.  (*See id.*, Ex. A.)  Mr. Myser appealed to the Ninth Circuit, but the decision

18

19

20      [1] The following facts are from Mr. Myser's amended complaint.  On a motion to dismiss,

21  the court takes the facts in the complaint as true.  *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 2008).  "Mere conclusory statements," however, "are not

22  entitled to the presumption of truth."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

1  was affirmed in a divided opinion.  *See Myser v. Spokane Cnty.*, 389 Fed. App'x 628 (9th

2  Cir. 2010).[2]

3        Almost four years later, Mr. Myser filed this action, in which he claims that

4  numerous actors committed fraud on the court in his previous lawsuit.  (*See* Compl. (Dkt.

5  # 1); Am. Compl.); *Myser*, 389 Fed. App'x at 629.  Mr. Myser's original complaint

6  before this court alleged a variety of misconduct, such as discovery abuses, perjured

7  testimony, bribery of witnesses, and judicial partiality, that Mr. Myser claimed

8  constituted fraud on the court.  (*See generally* Compl.; *see also* 9/9/14 Ord. (Dkt. # 17) at

9  2-4, 6-9.)  Mr. Myser further alleged a scheme to commit fraud on the court that

10  implicated Spokane, its attorneys and police deputies, and several of Mr. Myser's former

11  employees with whom Mr. Myser was engaged in separate litigation at the time of the

12  previous lawsuit against Spokane.[3]  (*See generally* Compl.; *see also* 9/9/14 Ord. at 2-4, 6-

13  9.)  Spokane moved for judgment on the pleadings (7/7/14 Mot. (Dkt. # 9)), and the court

14  dismissed the original complaint without prejudice (9/9/14 Ord. at 11).

15        In its order of dismissal, the court noted multiple deficiencies in Mr. Myser's

16  original complaint.  First, the court found that many of Mr. Myser's claims did not rise to

17  the level of fraud on the court.  (*See id.* at 6, 8-10.)  For example, the court found that Mr.

18  Myser's claims regarding a frivolous lawsuit by his former employees, discovery abuses,

19  and assault by the police would not amount to fraud on the court even if plausibly

20  _____

21      [2] The opinion is also attached to the amended complaint.  (*See* Am. Compl. Ex. B.)

22      [3] Defendant Steven Tangen was one of those former employees.  (*See* Am. Compl. ¶¶ 20, 59, 62.)

1  pleaded.  (*See id.* at 8-10.)  Second, the court found that Mr. Myser's remaining claims—

2  of a quid pro quo scheme to commit fraud on the court, bribery of a witness, and judicial

3  partiality—might rise to the level of fraud on the court (*id.* at 6); however, those claims

4  were not plausibly pleaded (*see id.* at 7-8).  Rather those claims consisted mainly of

5  conclusory statements and labels, which the court did not credit, and factual allegations

6  from which the court could not reasonably draw an inference of fraud on the court.  (*See*

7  *id.*)  Thus, the court instructed Mr. Myser to provide additional factual support for his

8  potentially viable claims in an amended complaint.  (*See id.* at 6-8, 11.)

9      With his amended complaint, Mr. Myser realleges a broad-based scheme to

10  commit fraud on the court.  (*See, e.g.*, Am. Compl. ¶¶ 59-70.)  He claims that his former

11  employees, Spokane, and the police deputies were all involved in this scheme.  (*See, e.g.*,

12  *id.*)  He alleges that, pursuant to the scheme, his former employees filed a frivolous suit

13  against him to divert his resources away from the lawsuit against Spokane (*see id.* ¶¶ 59-

14  62); that Spokane and his former employees shared discovery in violation of a protective

15  order (*see id.* ¶ 62); that Mr. Tangen helped Spokane's accounting witness

16  mischaracterize information about Mr. Myser's business in the lawsuit against Spokane

17  (*see id.* ¶ 63); that the police deputies involved in Mr. Myser's lawsuit lied in their

18  reports and trial testimony (*see id.* ¶¶ 66-70, 76); that Spokane's attorneys misrepresented

19  the applicable legal standard (*see id.* ¶¶ 77-78); and that Judge Van Sickle used that

20  erroneous standard and also misconstrued the medical evidence (*see id.* ¶¶ 79-81).

21  Furthermore, Mr. Myser claims that Judge Van Sickle was biased in favor of Spokane.

22

1   (*See id.* ¶¶ 60, 85.)  As with the original complaint, the only cause of action in the

2   amended complaint is fraud on the court.  (*Id.* at 33.)

3                              **III.   ANALYSIS**

4           The instant motion attacks Mr. Myser's amended complaint under Federal Rule of

5   Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted.  (Mot.

6   at 1.)  As noted above, the amended complaint's only cause of action is fraud on the

7   court.  (Am. Compl. at 33.)  Thus, in analyzing whether Mr. Myser has stated a plausible

8   claim for fraud on the court, the court first discusses the standard applicable to motions to

9   dismiss for failure to state a claim and the law of fraud on the court.  The court then

10  considers Mr. Myser's amended complaint in light of those legal principles.  Having done

11  so, the court finds that Mr. Myser has failed to state a plausible claim of fraud on the

12  court.  Finally, the court addresses whether Mr. Myser's claims against Spokane should

13  be dismissed with prejudice and whether the claims against Mr. Tangen should also be

14  dismissed.  The court concludes that dismissal with prejudice is appropriate as to the

15  claims against Spokane and likely appropriate as to the claims against Mr. Tangen.

16  **A.      Dismissal for Failure to State a Claim**

17          Dismissal for failure to state a claim "is proper if there is a lack of a cognizable

18  legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

19  *Conservation Force v. Salazar*, 646 F.3d 1240, 1242 (9th Cir. 2011) (citation omitted).

20  "To survive a motion to dismiss, a complaint must contain sufficient factual matter,

21  accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*,

22  556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1  (2007)); *see Telesaurus VPC, LLC v. Power*, 623 F.3d 998, 1003 (9th Cir. 2010).  "A

2  claim has facial plausibility when the plaintiff pleads factual content that allows the court

3  to draw the reasonable inference that the defendant is liable for the misconduct alleged."

4  *Iqbal*, 556 U.S. at 678.  "Mere conclusory statements," however, "are not entitled to the

5  presumption of truth."  *Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012)

6  (citing *Ashcroft*, 556 U.S. at 678).

7       When considering a motion to dismiss under Federal Rule of Civil Procedure

8  12(b)(6), the court construes the complaint in the light most favorable to the non-moving

9  party.  *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir.

10  2005).  The court may consider the pleadings, documents attached to the pleadings, and

11  documents incorporated by reference in the pleadings.  *United States v. Ritchie*, 342 F.3d

12  903, 908 (9th Cir. 2003) (citing *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002)).

13  **B.**    **Fraud on the Court**

14       The claim of fraud on the court is "'available only to prevent a grave miscarriage

15  of justice.'"  *See Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir.

16  2003) (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)).  "An independent

17  action to set aside a judgment for fraud on the court is 'reserved for those cases of

18  injustices which, in certain instances, are deemed sufficiently gross to demand a

19  departure from rigid adherence to the doctrine of res judicata.'"  *Id.* (quoting *Beggerly*,

20  524 U.S. at 46 (internal quotation marks omitted)).  A failure of a party to search its

21  records and make full disclosures is not fraud on the court.  *Id.* (citing *Beggerly*, 524 U.S.

22  at 47).  Nor does "[n]on-disclosure, or perjury by a party or witness[,] . . . by itself,

1   amount to fraud on the court." *Id.* (quoting *Levander v. Prober (In re Levander)*, 180

2   F.3d 1114, 1119 (9th Cir. 1999)).  Rather fraud on the court entails "misconduct that

3   'harms the integrity of the judicial process.'" *Id.* (quoting *Levander*, 180 F.3d at 1119).

4   Fraud on the court "embraces only that species of fraud which does[,] or attempts to,

5   defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial

6   machinery cannot perform in the usual manner its impartial task of adjudging cases that

7   are presented for adjudication." *Id.* (quoting *Levander*, 180 F.3d at 1119).

8   **C.   Mr. Meyser's Amended Complaint**

9          The court dismissed Mr. Myser's original complaint without prejudice because

10  many of its claims did not rise to the level of fraud on the court, and those that might be

11  fraud on the court were not plausibly pleaded.  (*See* 9/9/14 Ord. at 6-10.)  Furthermore,

12  the court instructed Mr. Myser to provide supporting factual allegations for the latter

13  category.  (*See id.* at 6-8, 11.)  In his amended complaint, however, Mr. Myser adds few

14  new factual allegations.  Instead, the principal change from the original complaint is that

15  Mr. Myser has deleted a considerable number of allegations and rearranged the remaining

16  allegations in a more coherent form.  Although the court appreciates the improved

17  organization, the amended complaint retains the flaws of the original complaint—its

18  allegations either do not rise to the level of fraud on the court or lack sufficient factual

19  support to state a claim for fraud on the court that is plausible on its face.

20         1.   Claims not plausibly pleaded

21         As the court stated in its previous order, Mr. Myser's claims of a quid pro quo

22  conspiracy to commit fraud on the court and judicial partiality might, if plausibly

1   pleaded, amount to fraud on the court.  (*See id.* at 6.)  Mr. Myser, however, has again

2   failed to provide sufficient factual allegations to make either of these claims plausible.

3   The court will address each claim in turn.

4           a.   *Quid Pro Quo Conspiracy*

5         Although the court must accept as true all well-pleaded factual allegations in the

6   amended complaint, conclusory statements and labels are not entitled to a presumption of

7   truth.  *See Ashcroft*, 556 U.S. at 678; *Chavez*, 683 F.3d at 1008; *Daniels-Hall v. Nat'l*

8   *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).  The amended complaint states that

9   Spokane, its agents, and Mr. Myser's former employees participated in a quid pro quo

10  scheme to commit fraud on the court in Mr. Myser's previous lawsuit against Spokane.

11  (*See, e.g.*, Am. Compl. ¶¶ 59-70.)   In addition, the amended complaint asserts numerous

12  instances of misconduct that it labels as having occurred "pursuant to the scheme."  (*See,*

13  *e.g.*, *id.* ¶¶ 69-70, 79-81.)  Furthermore, the amended complaint labels the suit by Mr.

14  Myser's former employees as "frivolous" and designed "to drain Mr. Myser's assets to

15  prevent him from pursuing his lawsuit against Spokane."  (*See id.* ¶¶ 59-60, 62.)  Such

16  conclusory allegations and labels are not entitled to a presumption of truth.  *See Ashcroft*,

17  556 U.S. at 678; *Chavez*, 683 F.3d at 1008; *Daniels-Hall*, 629 F.3d at 998.

18        Stripping away the amended complaint's conclusory language, insufficient factual

19  allegations remain from which the court can reasonably infer a quid pro quo scheme to

20  commit fraud on the court.  To support his claim of a scheme, Mr. Myser alleges that

21  Spokane and Mr. Myser's former employees shared discovery in violation of a protective

22  order and consulted with each other regarding evidence of Mr. Myser's business losses.

1    (*See* Am. Compl. ¶¶ 62-63.)  Mr. Myser further points out that in the context of a separate

2    lawsuit between Mr. Myser's business and his former employees, Spokane asserted that

3    the common interest privilege covered communications between its attorney and counsel

4    for Mr. Myser's former employees.  (*See id.* ¶ 64(a).)

5           The court cannot reasonably infer from these allegations that Spokane, its agents,

6    and Mr. Myser's former employees conspired to undermine the integrity of the judicial

7    process.  Although Mr. Myser's factual allegations are consistent with a quid pro quo

8    scheme, they do not plausibly suggest that such a scheme existed.  *See Ashcroft*, 556 U.S.

9    at 678-80 (noting that the complaint must do more than plead facts that are merely

10   consistent with liability).   At most, the amended complaint's allegations show that

11   parties adverse to Mr. Myser in separate suits cooperated with one another and at one

12   point violated a discovery order in doing so.  Neither cooperation between litigants nor a

13   discovery violation, however, constitutes fraud on the court.  *See Appling*, 340 F.3d at

14   780; *see also Levander*, 180 F.3d at 1119.  Moreover, no other non-conclusory

15   allegations in the amended complaint link the alleged coconspirators, let alone support

16   the inference that they engaged in a scheme to perpetrate fraud on the court.  As such,

17   Mr. Myser fails to plausibly plead a quid pro quo scheme to commit fraud on the court.

18              b.  *Judicial Partiality*

19          As with his claims of a quid pro quo scheme, most of Mr. Myser's allegations

20   related to judicial partiality amount to mere conclusory statements and labels.  For

21   instance, Mr. Myser states that Judge Van Sickle "was partial to Spokane" (Am Compl.

22   ¶ 60), "wanted to rule in favor of Spokane despite the evidence and the law" (*id.* ¶ 85),

1    and committed a variety of errors "pursuant to the scheme" (*e.g.*, *id.* ¶¶ 79-81, 89; *see*

2    *also id.* ¶ 76 (claiming that Judge Van Sickle credited perjured testimony "[i]n

3    furtherance of the scheme")).  These statements are conclusory and not entitled to a

4    presumption of truth.  *See Ashcroft*, 556 U.S. at 678; *Chavez*, 683 F.3d at 1008; *Daniels-*

5    *Hall*, 629 F.3d at 998.

6         In addition, Mr. Myser alleges that Judge Van Sickle applied an erroneous legal

7    standard.  (*See* Am. Compl. ¶¶ 79-81, 86-89.)  The court does not accept that allegation

8    as true, however, because the Ninth Circuit Court of Appeals rejected it.  Mr. Myser

9    claims that Judge Van Sickle applied a subjective test to the excessive force inquiry

10   rather than the correct test, which is objective.  (*See id.*)  Yet Mr. Myser appealed that

11   issue to the Ninth Circuit, and the Ninth Circuit held that Judge Van Sickle applied the

12   correct standard.  *See Myser*, 389 Fed. App'x at 629 ("The [trial] court recognized that

13   the inquiry is purely objective.").  Absent a plausible claim of fraud on the court of

14   appeals, which Mr. Myser does not attempt to make, this court will not accept as true

15   allegations that contradict the Ninth Circuit's express ruling.  *See Daniels-Hall*, 629 F.3d

16   at 998 ("We are not, however, required to accept as true allegations that contradict

17   exhibits attached to the Complaint or matters properly subject to judicial notice . . . .").

18        Without the above allegations, Mr. Myser is left with only one factual allegation to

19   support his claim of judicial partiality—namely, that Judge Van Sickle improperly

20   weighed the medical evidence and thereby discounted the seriousness of Mr. Myser's

21   injuries.  (*See* Am. Compl. ¶¶ 76, 81.)  This allegation, however, is more consistent with

22   garden-variety error than with judicial partiality.  *See Ashcroft*, 556 U.S. at 678-80.

ORDER- 10

1    Moreover, judicial error does not, without more, support a reasonable inference of

2    partiality amounting to fraud on the court.  If it did, every reversal on appeal would

3    subject the judge who was reversed to a plausible claim of fraud on the court.

4    Accordingly, Mr. Myser fails to plausibly plead a claim of fraud on the court in the form

5    of judicial partiality.

6            2.  Claims insufficient for fraud on the court

7            The remainder of Mr. Myser's claims fall short of fraud on the court.  In

8    particular, Mr. Myser claims that several witnesses lied during his lawsuit against

9    Spokane (*see* Am. Compl. ¶¶ 63, 66-70, 76, 93-99), and that Spokane's attorneys

10   mischaracterized the appropriate legal standard (*see id.* ¶¶ 77-78).  Even if true, these

11   allegations do not constitute fraud that so undermines the integrity of the judicial process

12   as to constitute fraud on the court.

13           *a.  Perjury*

14           Mr. Myser claims that the police deputies who arrested him lied in their testimony

15   to Judge Van Sickle.  (*See id.* ¶¶ 66-70, 76, 93-99.)  The deputies testified that Mr. Myser

16   assumed a fighting stance after they approached him in the bar (*see id.* ¶¶ 93-99), and

17   they denied slamming Mr. Myer's head into the ground (*see id.* ¶¶ 66-70, 76).  Mr. Myser

18   claims that this testimony was perjury.  (*Id.* ¶¶ 66-70, 76, 93-94, 99.)  In addition, Mr.

19   Myser alleges that Spokane's accounting witness lied in his testimony regarding losses to

20   Mr. Myser business by attributing those losses to changing market conditions rather than

21   to Mr. Myser's injuries.  (*See id.* ¶ 63.)

22

1   Yet even if these allegations are true, they fail to state a claim for fraud on the

2   court.  Perjury constitutes fraud on the court only in special situations, such as when an

3   officer of the court commits the perjury or the perjury prevents a critical issue or piece of

4   evidence from coming before the court.  *See United States v. Estate of Stonehill*, 660 F.3d

5   415, 444-45 (9th Cir. 2011); *Levander*, 180 F.3d at 1119-20; *Pumphrey v. K.W.*

6   *Thompson Tool Co.*, 62 F.3d 1128, 1130-33 (9th Cir. 1995); *Anand v. China Int'l Trust &*

7   *Inv. Corp. (In re Intermagnetics America, Inc.)*, 926 F.2d 912, 916-27 (9th Cir. 1991).

8   However, perjury does not constitute fraud on the court when a witness commits perjury

9   with respect to an issue that is before the court.  *See, e.g.*, *Estate of Stonehill*, 660 F.3d at

10   444-45, 448.  The proper method of dealing with that type of perjury is to expose it at the

11   original trial through the adversary process.  *See Levander*, 180 F.3d at 1119-20 (citing

12   *Gleason v. Jandrucko*, 860 F.2d 556, 559-60 (2d Cir. 1988)).

13   Here, none of Mr. Myser's allegations fits into an exception to the general rule that

14   perjury is not fraud on the court.  The allegedly perjured testimony was not from an

15   officer of the court, nor did it prevent an issue from coming before the court.  *See Estate*

16   *of Stonehill*, 660 F.3d at 444-45.  Rather the alleged perjury was from police deputies and

17   an accountant, who were witnesses (*see* Am. Compl. ¶¶ 63, 66-70, 76, 93-99), and it

18   concerned an issue squarely before the court—namely, how much force the deputies

19   used, whether that force was reasonable, and what injuries Mr. Myser suffered as a result

20   (*see id.*; *see also id.*, Ex. A); *Myser*, 389 Fed. App'x at 628-30.  Accordingly, Mr.

21   Myser's allegations of perjury do not rise to the level of fraud on the court.

22

1

    *b. Mischaracterization of the Legal Standard*

2    Mr. Myser's final claim of fraud on the court is that Spokane's attorneys

3 mischaracterized the relevant legal standard to Judge Van Sickle.  (*See* Am. Compl.

4 ¶¶ 77-78.)  Again, even if such a mischaracterization occurred, it does not amount to

5 fraud on the court.  Mr. Myser presents no authority for the proposition that

6 mischaracterizing a legal standard constitutes fraud on the court (*see generally* Resp.),

7 and the court's own research has uncovered none.  Nor is that lack of authority

8 surprising.

9    Although misrepresentations of fact may, as discussed above, amount to fraud on

10 the court in special circumstances, mischaracterizations of the law pose significantly less

11 risk to the integrity of the judicial process.  *See Estate of Stonehill*, 660 F.3d at 444-45

12 ("Most fraud on the court cases involve a scheme by one party to hide a key fact from the

13 court and the opposing party.")  When a party or its counsel lies to conceal a critical issue

14 or piece of evidence, the court and opposing council may have no means of learning of

15 the existence of the issue or evidence.  *See, e.g.*, *Levander*, 180 F.3d at 1120; *Pumphrey*,

16 62 F.3d at 1131-33 (finding fraud on the court where the defendant lied about the

17 existence of an inculpatory video that it had in its possession, and as a result, the video

18 did not come to light during the original case).  Mischaracterizations of the law, on the

19 other hand, are more easily remedied, because the court and opposing counsel enjoy

20 access to sources of legal authority and therefore have the means (and presumably the

21 training and experience) to uncover the correct rule of law.  Moreover, inaccurate

22 statements about the law should be especially innocuous where the legal rule in question

ORDER- 13

1    is clear and well established.  Thus, counsel's mischaracterization of the law is unlikely

2    to undermine the integrity of the judicial process.  *See Levander*, 180 F.3d at 1119.

3        Here, Mr. Myser claims that opposing counsel presented the excessive force

4    inquiry as entailing a subjective rather than an objective standard.  (*See* Am. Compl.

5    ¶¶ 77-78.)  Mr. Myser does not explain, however, why that mischaracterization was

6    particularly harmful to the judicial process.  The objective nature of the excessive force

7    inquiry is a relatively clear and—as Mr. Myser emphasizes—unquestioned rule.  (*Id.* at

8    ¶¶ 78, 88-89 (citing *Graham v. Connor*, 490 U.S. 386, 397 (1989)).)  Furthermore, Mr.

9    Myser gives no indication that he lacked opportunities to point out opposing counsel's

10   mischaracterizations, and in any case, the Ninth Circuit's opinion shows that Judge Van

11   Sickle was not misled.  *See Myser*, 389 Fed. App'x at 628-29.  Accordingly, Mr. Myser's

12   allegations regarding opposing counsel's presentation of the law do not rise to the level of

13   fraud on the court.

14       In sum, Mr. Myser's amended complaint fails to state a plausible claim of fraud on

15   the court.  Moreover, it fails in precisely the same fashion as the original complaint:  by

16   relying too heavily on conclusory statements and labels, providing insufficient supporting

17   factual allegations, and entailing multiple claims that do not constitute fraud on the court.

18   (*See* 9/9/14 Ord. at 6-10.)  As such, the court must dismiss Mr. Myser's amended

19   complaint.

20   **D.    Dismissal with or without Prejudice**

21       As a general rule, when a court grants a motion to dismiss, the court should

22   dismiss the complaint with leave to amend.  *See Eminence Capital, LLC v. Aspeon, Inc.*,

1   316 F.3d 1048, 1051-52 (9th Cir. 2003) (citing Fed. R. Civ. P. 15(a)).  Nevertheless, the

2   court may deny leave to amend due to undue delay, bad faith, repeated failure to cure

3   deficiencies by amendments previously allowed, undue prejudice to the opposing party,

4   and futility of amendment.  *See id.* (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

5   "'The district court's discretion to deny leave to amend is particularly broad where the

6   plaintiff has previously amended the complaint.'"  *Allen v. City of Beverly Hills*, 911 F.2d

7   367, 373 (9th Cir. 1990) (quoting *Ascon Props., Inc. v. Mobile Oil Co.*, 866 F.2d 1149,

8   1160 (9th Cir. 1989)).

9       The court may dismiss the complaint with prejudice only if it would be "clear on

10  de novo review that the complaint could not be saved by amendment."  *Eminence*

11  *Capital*, 316 F.3d at 1052.  Dismissal with prejudice is appropriate, however, where the

12  court has previously dismissed the complaint due to insufficient factual allegations, and

13  the amended complaint fails to cure the deficiency.  *See Zucco Partners, LLC v.*

14  *Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009).  That failure offers "'a strong

15  indication that the plaintiffs have no additional facts to plead.'"  *Id.* (quoting *In re*

16  *Vantive Corp. Sec. Litig.*, 283 F.3d 1079, 1097-98 (9th Cir. 2002)).  In such cases,

17  dismissal with prejudice is proper because "it [is] clear that the plaintiffs [have] made

18  their best case and [have] been found wanting."  *Id.*

19      Here, the court finds that further amendment would be futile.  The court dismissed

20  Mr. Myser's original complaint because its allegations either did not amount to fraud on

21  the court or were not plausibly pleaded.  (*See* 9/9/14 Ord. at 6-10.)  Mr. Myser received

22  leave to amend to cure the latter deficiency through the addition of supporting factual

1    allegations.  (*See id.* at 6, 11.)  Yet Mr. Myser's amended complaint contains almost no

2    new factual allegations.  Instead, the bulk of the changes in the amended complaint result

3    from Mr. Myser deleting some allegations and rearranging and rephrasing others.

4    (*Compare* Am. Compl. *with* Compl.)  It is unsurprising, then, that the amended complaint

5    replicates the original complaint's deficiencies.

6           Mr. Myser's failure to correct those deficiencies indicates that he has no additional

7    facts to plead.  *See Zucco Partners*, 552 F.3d at 1007.  He has made his best case;

8    however, the court has found it insufficient to state a plausible claim of fraud on the

9    court.  *See id.*; (*supra* Part III.C.)  Further amendment would therefore be futile, and

10   dismissal with prejudice and without leave to amend is appropriate.  *See Zucco Partners*,

11   552 F.3d at 1007; *Eminence Capital*, 316 F.3d at 1051-52.  Accordingly, the court

12   dismisses Mr. Myser's claims against Spokane with prejudice.

13   **E.      Claims Against Mr. Tangen**

14          Having decided that Mr. Myser's claims against Spokane should be dismissed

15   with prejudice, the court must now determine whether to dismiss the claims against Mr.

16   Tangen, the only remaining defendant.  Mr. Tangen has not answered, moved for

17   dismissal, or joined in Spokane's motion.  (*See generally* Dkt.; Mot.)  Nevertheless, a

18   court may on its own motion dismiss an action as to a non-moving defendant where such

19   defendant is in a position similar to that of the moving defendant, or where claims against

20   the moving and non-moving defendants are integrally related.  *See Silverton v. Dep't of*

21   *Treasury*, 644 F.2d 1341, 1345 (9th Cir. 1981).  The court may not do so, however,

22

1   without providing the plaintiff with notice and an opportunity to respond.  *See Lee v. City*

2   *of L.A.*, 250 F.3d 668, 683 n.7 (9th Cir. 2001).

3        In keeping with these principles, the court hereby notifies Mr. Myser that it

4   intends to dismiss the claims against Mr. Tangen with prejudice, because it appears to the

5   court that Mr. Tangen occupies a position similar to that of Spokane, and that the claims

6   against the defendants are integrally related.  *See Silverton*, 644 F.2d at 1345.  Mr. Myser

7   shall have 15 days from the date of this order in which to file a memorandum in

8   opposition.  If he chooses to file such a memorandum, Mr. Myser shall note his

9   memorandum as a third-Friday motion pursuant to Local Rule LCR 7(d)(3), *see* Local

10  Rules W.D. Wash. LCR 7(d)(3), and Mr. Tangen may file a response.  Neither Mr.

11  Myser's nor Mr. Tangen's submissions, if any, shall exceed 10 pages in length.

12  Furthermore, if Mr. Myser chooses to file a memorandum in opposition to dismissal, the

13  memorandum should address why this order's rationale for dismissing the claims against

14  Spokane should not apply with equal force to the claims against Mr. Tangen.

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

ORDER- 17

## IV.   CONCLUSION

For the foregoing reasons, the court GRANTS Spokane's motion to dismiss for failure to state a claim (Dkt. # 19) and DISMISSES Mr. Myser's claims against Spokane WITH PREJUDICE.  The court gives NOTICE to Mr. Myser of its intent to dismiss the claims against Mr. Tangen with prejudice.  The parties may respond to the court's notice according to the terms laid out in this order.

Dated this 5th day of February, 2015.


JAMES L. ROBART
United States District Judge

ORDER- 18